UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALLAN TEH,

     Plaintiff,

       v.

LEE MELCHIONNI, individually,
SYLVIA BENITO, individually, PERSIST
COMMUNICATIONS, INC., a Florida Corporation,
and THE LAKE LAW FIRM, a New York Limited
Liability Company,

     Defendants,

Case No.: 1:25cv25578

**<u>NOTICE OF REMOVAL</u>**

Defendant Sylvia Benito hereby removes the action styled: *Teh v. Melchionni, et al.*, Case No.: 2023-004474-CA-01, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action") to the United States District Court for the Southern District of Florida pursuant to 28 U.S. Code §§ 1452, and in support of removal, alleges as follows:

**I.**      **<u>BACKGROUND</u>**

    1.     Plaintiff Allan Teh commenced the State Court Action on March 15, 2023.

    2.     On November 26, 2025, Defendants Sylvia Benito and Lee Melchionni (and other creditors) filed an Involuntary Petition under chapter 7 of the Bankruptcy Code against Defendant The Lake Law Firm, LLC, in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Case").

**II.**     **<u>THIS CASE IS REMOVABLE IN ITS ENTIRETY UNDER 28 U.S.C § 1452</u>**

    3.     Under 28 U.S.C § 1452, "[a] party may remove any claim or cause of action in a

civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C § 1334]."

4.      In turn, 28 U.S.C § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]."

5.      With respect to "related to" jurisdiction set out in 28 U.S.C § 1334(b), the Eleventh Circuit promulgated the following test: "a civil proceeding is related to bankruptcy . . . [if] the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Lawrence v. Goldberg*, 573 F.3d 1265, 1270–71 (11th Cir. 2009) (block quote and citation omitted).

6.      Here, the State Court Action involves Teh's investment in mass tort claims and his claim to a portion of the recovery from those claims as a return on his investment.  These mass torts cases and related recoveries are also part of the bankruptcy estate in the Bankruptcy Case. Thus, "[t]he outcome of [Teh's] civil suit clearly could have an effect on the handling and administration of his bankruptcy estate." *Id.* at 1271.  As such, the State Court Action is "related to" the Bankruptcy Case under 28 U.S.C § 1334(b).

7.      Accordingly, this Court has jurisdiction over the State Court Action and Benito has properly removed it to this Court under 28 U.S.C § 1452.

### III.   REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 9027

8.      <u>Consent</u>.  Per Federal Rule of Bankruptcy Procedure ("Rule") 9027(a)(1)(B), Benito at this time does not consent to the bankruptcy court's entry of a final judgment or order.[1]

---

[1]      Rule 9027 governs removals under 28 U.S.C. § 1452.  *See In re Jet Network, LLC*, 457 B.R. 895, 900 (Bankr. S.D. Fla. 2011).

9. Venue Is Proper in This Court. Because the State Court Action is pending in Miami-Dade County, venue is proper in this Court under Rule 9027(a)(1).

10. Removal Is Timely. Because the State Court Action was pending when the Bankruptcy Case commenced on November 26, 2025, removal is timely under Rule 9027(a)(2).

11. Notice to Other Parties and State Court. Benito will promptly file a copy of this Notice of Removal with the Clerk of the Court where the State Court Action was pending and promptly serve a copy of this Notice of Removal on all parties in the State Court Action as required by Rule 9027(b).

12. Copies of Process and Pleadings. As required by Rule 9027(a)(1)(C), Benito has attached to this Notice of Removal a copy of all process and pleadings in the State Court Action as Exhibit A.

Respectfully submitted,

**BREWER, ATTORNEYS AND COUNSELORS**

By: */s/ Hector Jim Montalvo*
Hector J. (Jim) Montalvo, Esq.
Florida Bar No. 887056
hjm@brewerattorneys.com

1717 Main Street, Suite 5900
Dallas, TX 75201
Telephone: (214) 653-4000
Fax: (214) 653-1015

*Attorneys for Defendant Sylvia Benito*