Filing # 171946438 E-Filed 04/27/2023 01:52:11 PM

Case 1:25-cv-23538-XXX Document 1-4-2 Entered on FLSD Docket 11/26/2025 Page 1 898 of 187

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2023-004474 CA 44

ALLAN TEH, individually,

COMPLEX BUSINESS LITIGATION

     Plaintiff,

v.

LEE MELCHIONNI, individually,
SYLVIA BENITO, individually,
PERSIST COMMUNICATIONS,
INC., a Florida Corporation, and
THE LAKE LAW FIRM, a New York
Limited Liability Company,

     Defendants.

_____/

**PERSIST COMMUNICATIONS' AND THE
LAKE LAW FIRM'S MOTION TO DISMISS
(and incorporated Memorandum of Law)**

Defendants Persist Communications, Inc. ("Persist Communications") and

The Lake Law Firm, LLC ("Lake Law") move to dismiss Plaintiff Allan Teh's,

Complaint for failure to state a claim as to the counts of Unjust enrichment

(Count 7) and Equitable Accounting (Count 8).

## I.    <u>INTRODUCTION</u>

Persist Communications and Lake Law are not the primary targets of the

Plaintiff. And they can't be because he lacks privity with them. They received

$3,880,000.00 from an entity, KS Law Group, LLP ("KS Law"), pursuant to a

1

contract with KS Law, a D.C. law firm. Plaintiff owns a 50%-member interest in KS Law, and each individual Defendant owns 25%.

Plaintiff has sued the individual Defendants under various theories arising from their internal business relationship as members in KS Law. Plaintiff claims he was duped by the individual Defendants, who are his co-members in KS Law, into funding $4 million in KS Law's investment in hundreds of Hernia Mesh, Talc and Roundup cases being handled (or to be handled) by Lake Law, in exchange for a financial interest in each of the cases. (Persist Communications is a marketing company for Lake Law). Plaintiff claims he has not yet seen any results from his September 2021 investment in KS Law arising from **its**, not his, business relationship with Persist Communications and Lake Law.

But as this Court knows, pre-litigation and litigation of mass tort cases takes years. The cases that Lake Law is trying to attract and has signed up are percolating in various stages of litigation and pre-litigation. The contract between KS Law and Persist Communications and Lake Law, governed by New York law, is still in its executory stage. It appears that Plaintiff simply woke up one morning and decided he wanted his money back. But whatever his motivation, his targeting of these Defendants is misplaced.

Plaintiff's two claims against Persist Communications and Lake Law are unsustainable for the simple reason that he is trying to circumvent the corporate structure of KS Law. He is not in privity with these Defendants. **He** did not pay them any money. They owe **him** no money. They owe **him** no fiduciary duties or

2

any at all. They are **legal strangers** vis-à-vis Plaintiff. All their dealings are and have been with KS Law.

Counts 7 (unjust enrichment) and 8 (equitable accounting) should therefore be dismissed with prejudice for these and other reasons.

WHEREFORE, the Complaint against Persist Communications and Lake Law should be dismissed with prejudice.

## II.     LEGAL ARGUMENT

### A. COUNT 7 FAILS TO STATE A CAUSE OF ACTION FOR UNJUST ENRICHMENT.

#### i.      Plaintiff has no Standing.

It is obvious from the Complaint that any injury or damage caused by Lake Law or Persist Communications was to KS Law, the legal entity with whom they are in **contractual privity**.  It is established law that, "[g]enerally, a shareholder cannot sue in the shareholder's name for injuries to the corporation unless there is a special duty between the wrongdoer and the shareholder, and the shareholder has suffered an injury separate and distinct from that suffered by other shareholders." *Houri v. Boaziz,* 196 So. 3d 383, 392 (Fla. 3d DCA 2016). In that case, the plaintiff LLC member "**only suffered a harm that flowed from an initial harm to [the LLC]**. He was, therefore, without authority to bring this action directly …" *Id.*

Here there is no special duty between Plaintiff and these Defendants, **and none is alleged**, because they are legal strangers.  Plaintiff, like Boaziz, is simply a member of an LLC that has a contract with these Defendants. Any harm he allegedly suffered would only be indirect by virtue of his membership status.

3

### ii.   The Elements of the Cause of Action Itself Cannot be Met by Plaintiff

Count 7 alleges that Lake Law and Persist Communications were somehow unjustly enriched by Plaintiff's investment in KS Law. That cannot be. The elements of a cause of action for unjust enrichment are:

> (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the conferred benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.

*Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. 3d DCA 2009). This claim fails because the benefit conferred by a plaintiff on a defendant must be a "**direct benefit**" *Id.*

In *Extraordinary Tile*, the plaintiff brought a claim for unjust enrichment against a defendant with whom it had "no relationship." The Third District held that the plaintiff could not have conferred a benefit on that defendant because unjust enrichment required the conferring of a "direct benefit," holding: "Plaintiff contracted with FPL, not Group, for electricity; Plaintiff paid FPL, not Group; and Group provided no services to Plaintiff. Based on these facts, which are not in dispute, the Plaintiff cannot allege nor establish that it conferred a direct benefit upon Group." *Id.*

A better illustration of this concept in an analogous situation to here is *Peoples National Bank of Commerce v. First Union Nat. Bank of Florida, N.A.*, 667 So. 2d 876 (Fla. 3d DCA 1996). The facts are a bit convoluted but, in that case, Peoples, a participating lender in a syndicated loan package, claimed that other participating lenders were inequitably overpaid with the indubitable equivalent

4

of Peoples' creditor interest in the loan from the defaulted debtor (in that case voting rights rather than cash). Peoples received nothing because it refused to participate in an Intercreditor Agreement (as the others did). It sued the other lenders for unjust enrichment, claiming the value that they received were its interest inequitably distributed to them. The Third District disagreed and affirmed the dismissal with prejudice because Peoples conferred no direct benefit on them. Rather, the lead bank that collected the consideration from the defaulted borrower and distributed it to the other participating lenders is the one who conferred the direct benefit directly on them.

The claims against Persist Communications and Lake Law fall squarely within these holdings. Plaintiff conferred **no direct benefit** to Lake Law or Persist Communications. He never paid them a single dollar – **KS Law did**. He did not have a contract with them – **KS Law did**. And neither Lake Law nor Persist Communications ever provided a single service to Plaintiff – they provided services **to KS Law**.

To be sure, the Lake Law Invoice attached to the Complaint states that the amount of $3.88 million was directed to KS Law with the line "BILL TO: KS Law Group." (Complaint, Ex. 2, p. 1). This amount was directly pursuant to the agreement to furnish cases, which is evidenced by the Case Replacement Agreement – "KS has previously paid Lake $3,880,000.00 in order to acquire client leads in connection with the Cases (the "Funded Amount")." (Complaint, Ex. 12, p. 1.).

Where a plaintiff cannot and does not "allege ultimate facts that support a prima facie case of unjust enrichment," it is proper for the Court to dismiss an unjust enrichment claim with prejudice. *Peoples Nat. Bank of Com. v. First Union Nat. Bank of Fla.*, N.A., 667 So. 2d 876, 879 (Fla. 3d DCA 1996) (affirming dismissal of an unjust enrichment claim, with prejudice, where "the plaintiff, Peoples National, could not and did not allege that it had directly conferred a benefit on the defendants...").

Moreover, for unjust enrichment to be found, it must be "inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Extraordinary Title Servs., LLC*, 1 So. 3d at 404. Under the Case Replacement Agreement, KS Law agreed to pay the already furnished amount of $3.88 million **in exchange for the receipt of 60% of the contingency fees of 795 cases** which Lake Law and Persist Communications would acquire and handle, through trial firms. (*See,* Complaint Ex. 12.). In essence, in exchange for the benefit of $3.88 million, Lake agreed to provide equal or greater value: a contingency fee on 795 cases, with guarantees of reimbursement and replacement. *See id.* Further, the Case Replacement Agreement explicitly states that the $3.88 million was paid to Lake Law "in order to acquire client leads in connection with the Cases." *Id.* at p.1.

Because KS Law has been provided the benefit of **its bargain** – it is just too early for that inchoate benefit to bear fruit - it cannot be deemed "inequitable" for Lake Law or Persist Communications to have retained their benefit (received from KS Law) because they "gave value in exchange," even if Plaintiff had

6

standing to sue. *See Pincus v. Am. Traffic Sols., Inc.,* 333 So. 3d 1095, 1097 (Fla. 2022) (holding that it would not be unjust for a defendant to retain a benefit where it returned value to the plaintiff.).

The bottom line is that neither Lake Law nor Persist Communications owe **anything** to Plaintiff. Their contractual dealings are all with KS Law. An individual member of KS Law has no standing to pursue claims in his own name when he lacks privity.

### B. COUNT 8 FAILS TO STATE A CAUSE OF ACTION FOR EQUITABLE ACCOUNTING

This claim fails for the simple reason that the parties are not in privity; they are legal strangers. And Defendants owe Plaintiff no fiduciary duties.

One cannot sue a legal stranger for an accounting. There must be some duty to account in the first instance. In the typical case the right to equitable accounting spring from a contract. *See F.A. Chastain Constr., Inc. v. Pratt,* 146 So. 2d 910 (Fla. 3d DCA 1962), which states: "although courts of law have jurisdiction to enforce **contract demands** which involve an accounting, equity will take cognizance where the **contract demands** between litigants involve extensive or complicated accounts." Or it may arise from a fiduciary duty to account. But here there is nothing to give rise to any right to an accounting.

Accordingly, this claim fails as well.

### III.   CONCLUSION

The Complaint fails to state a cause of action against these Defendants for the reasons stated and Counts 7 and 8 should therefore be dismissed with prejudice.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via the e-portal system this 27th day of April 2023, to Jones & Adams, P.A. Matthew Jones, Esq, 999 Ponce de Leon Blvd #925, Coral Gables, FL 33134, matthew@jones-adams.com  and Blank Rome LLP, Michelle M. Gervais, Esq, 100 S. Ashley Drive Suite 600, Tampa, FL, michelle.gervais@blankrome.com.

**YOUNG BERMAN KARPF & KARPF, P.A.**
Counsel for The Lake Law Firm and
Persist Communications, Inc.
825 Brickell Bay Dr., Tower III, Ste. 1748
Miami, Florida 33131
Tel. 305-377-2290
aberman@ybkklaw.com

   */s/ Andrew S. Berman*

Andrew S. Berman
Florida Bar No.: 370932